Filed 11/18/21  P. v. Cueva CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>NANCY AMPARO CUEVA,<br><br>  Defendant and Appellant. | B310652<br><br>(Los Angeles County<br>Super. Ct. No. BA444480) |

THE COURT:

Nancy Amparo Cueva (defendant) appeals from the trial court's denial of her motion to vacate her plea. Her appointed counsel on appeal filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), indicating that her review of the entire record revealed no "arguable issues on

appeal." Defendant filed a supplemental brief. We will accordingly review the arguments she raises. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040 (*Cole*) review granted Oct. 14, 2020, S264278.) However, they all lack merit, so we affirm.

In 2016, the People charged defendant with three counts of grand theft by embezzlement (Penal Code[1] section 487, subd. (a)), and alleged sentencing enhancements because the total theft exceeded $200,000 (§§ 186.11, subd. (a)(3) & 12022.6, subd. (a)(2)).[2]

Prior to the scheduled preliminary hearing on those charges, defendant accepted the People's offer to plead no contest to a single count of embezzlement, to serve 16 months in prison and to pay $321,500 in restitution in exchange for dismissal of the remaining charges and enhancements. The trial court engaged in a thorough plea colloquy: The court recounted the charges against defendant and the consequences of entry of a plea of no contest and advised her of her rights to a preliminary hearing, to a court or jury trial, to confront and cross-examine the witnesses against her, to subpoena witnesses and present a defense, and to invoke the privilege against self-incrimination. The court then reiterated the terms of the proposed agreement including the amounts of restitution owed to each victim. Throughout the colloquy, the court provided defendant several opportunities to confer with counsel, and she did so twice. Defendant stated she understood her rights and entered a plea of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Pursuant to a sunset clause section 12022.6 was repealed effective January 1, 2018. (See former § 12022.6, subd. (f).)

2

no contest to one count of grand theft by embezzlement. The trial court sentenced defendant to 16 months in county jail, and ordered restitution in the agreed upon amount to the three victims.

On February 5, 2020, defendant filed a motion in propria persona, pursuant to section 1473.7[3] to vacate her plea because (1) "she was not informed of the adverse consequences" of her plea, rendering the plea invalid; and (2) her counsel was ineffective in his representation of her during the preliminary hearing and in coercing her to accept the plea offer. Following further briefing and a hearing, the trial court denied the motion.

After the trial court denied defendant's request for a certificate of probable cause, she filed a timely notice of appeal.

We review the trial court's denial of defendant's motion to vacate her conviction for abuse of discretion. (*People v. Perez* (2020) 47 Cal.App.5th 994, 997 (*Perez*).)

The trial court did not abuse its discretion in denying defendant's motion to withdraw her plea.

---

[3] Section 1473.7 provides: "(a) A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons: [¶] (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel. [¶] (2) Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice. [¶] (3) A conviction or sentence was sought, obtained, or imposed on the basis of race, ethnicity, or national origin in violation of subdivision (a) of section 745."

The record is abundantly clear that defendant was fully advised of the consequences of entering her plea and that she entered that plea freely and voluntarily.  There is nothing to indicate that defendant entered the plea through ignorance, or inadvertence, or that the exercise of her free judgment was overcome.  (*People v. Barteau* (1970) 10 Cal.App.3d 483, 486; *People v. Cruz* (1974) 12 Cal.3d 562, 566.)

The record also does not support defendant's claim that her counsel was ineffective.  To prevail on such a claim, she must show that her counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)  Contrary to what defendant suggests, counsel was not deficient for failing to cross-examine witnesses during the preliminary hearing because, due to defendant's waiver, that hearing never took place.  There is also no evidence that defendant's counsel coerced her into entering her plea.  The fact that she may have been persuaded to plead, or was reluctant to do so, her subsequent acceptance of the plea offer does not demonstrate that the plea was involuntary. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.)  Mere advice and persuasion by a defendant's own attorney is not enough to vitiate the plea.  (*People v. Evans* (1960) 185 Cal.App.2d 331, 334.)

Defendant's supplemental briefing raises a number of new, but unsubstantiated, claims—namely, that the trial court clerk gave her incorrect advice, that she did not receive notice of rulings from the trial court or notices from this court regarding her appeal, and that her appellate counsel was ineffective.  These

4

newly minted claims also lack merit because they are unsupported by the record. The judge who took defendant's guilty plea was the same judge who heard the motion to withdraw it. As the trial court correctly observed during the hearing on the motion to withdraw, defendant was "seeking to undo something to which [she] agreed" and her claim of coercion could properly be viewed as buyer's remorse. (See *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208 ["'plea may not be withdrawn simply because the defendant has changed [her] mind'"].)

  Our independent review of the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable issues.

### DISPOSITION

  The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____

LUI, P. J.,   CHAVEZ, J.,   HOFFSTADT, J.

5